UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| DAIRYLAND INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN HARVEY | ) | |
| 4057 Mooncoin Way #14207 | ) | |
| Lexington, KY 40515 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | CASE NO.: |
| INSURANCE COMPANY | ) | |
| SERVE: Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALVARO SALAS | ) | |
| 416 Mt. Tabor Road | ) | |
| Lexington, KY 40517 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JUAN GABRIEL MARIN CORTEZ | ) | |
| 416 Mount Tabor Road | ) | |
| Lexington, KY 40517 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC. | ) | |
| SERVE: Corporation Service Company | | |
| 421 West Main Street | | |
| Frankfort, KY 40601 | | |

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now, Plaintiff, Dairyland Insurance Company (hereinafter "Dairyland"), and for its Complaint for Declaratory Judgment, filed pursuant to 28 U.S.C. § 2201, respectfully states as follows:

### I.    PARTIES

1.    Plaintiff, Dairyland, is an insurance company incorporated in the State of Wisconsin, with its principal office located at 1800 Northpoint Drive, Stevens Point, WI 54481. Dairyland is authorized by the Kentucky Department of Insurance to conduct business within the Commonwealth of Kentucky as a foreign insurer.

2.    Defendant, Martin Harvey (hereinafter "Mr. Harvey"), is a resident of the Commonwealth of Kentucky with an address of 4057 Mooncoin Way #14207, Lexington, KY 40515.  Mr. Harvey is named as a Defendant in this Complaint for Declaratory Judgment as he may have an interest in the resolution of the insurance coverage issues brought forth herein.

3.    Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), is an insurance company incorporated in the State of Illinois and licensed to do business in the Commonwealth of Kentucky, with a principal office address of One State Farm Plaza, A-3, Bloomington, IL 61710 and a registered agent of service of Corporation Service Company, 421 West Main Street, Frankfort, KY 40601. State Farm is named as a Defendant in this Complaint for Declaratory Judgment as it may have an interest in the resolution of the insurance coverage issues brought forth herein.

4.    Defendant, Alvaro Salas (hereinafter "Mr. Salas"), is a resident of the Commonwealth of Kentucky with an address of 416 Mt. Tabor Road, Lexington, KY 40517.

5.      Defendant, Juan Gabriel Marin Cortez (hereinafter "Mr. Cortez"), is a resident of the Commonwealth of Kentucky with an address of 416 Mt. Tabor Road, Lexington, KY 40517.

6.      Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (hereinafter "Sedgwick"), is an insurance company providing workers' compensation benefits that is incorporated in the State of Illinois and licensed to do business in the Commonwealth of Kentucky, with a principal office address of 8125 Sedwick Way, Memphis, Tennessee 38125 and a registered agent of service of Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.  Sedgwick is named as a Defendant in this Complaint for Declaratory Judgment as it may have an interest in the resolution of the insurance coverage issues brought forth herein.

## II.      JURISDICTION AND VENUE

7.      This Complaint seeks a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, that no insurance coverage, indemnification or a defense is available to Defendants, Salas, State Farm and Sedgwick under Auto Insurance Policy No. 11409992387, issued by Dairyland to Named Insured, Juan Gabriel Marin Cortez, for the claims asserted against the above-named Defendants by Mr. Harvey in a lawsuit styled <u>Martin Harvey vs. Alvaro Salas and State Farm Mutual Automobile Insurance Company</u>,  Civil Action No. 25-CI-01918, pending in Division Nine of the Commonwealth of Kentucky Fayette Circuit Court.

8.      This Complaint for Declaratory Judgment triggers this Court's federal question jurisdiction under 28 U.S.C. § 1331, as it implicates this Court's ability to declare the rights of parties under 28 U.S.C. § 2201.

9.      There is also complete diversity of citizenship between the parties to this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 1332, as the Plaintiff, Dairyland, is a Wisconsin

corporation, Defendant, State Farm, is an Illinois corporation, Defendants, Harvey, Cortez and Salas, are Kentucky residents, and Defendant, Sedwick, is an Illinois corporation.

10.    The amount-in-controversy requirement of 28 U.S.C. § 1332 is met, as the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.  Mr. Harvey confirmed that he is seeking damages in the amount of $156,407.50 in Fayette Circuit Court Civil Action No. 25-CI-01918.[1]

11.    Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

12.    Pursuant to Grand Trunk W. R.R. Co. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984), this Court must consider five (5) factors in determining whether to exercise its jurisdiction over this Complaint for Declaratory Judgment: (1) whether the action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4)  whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

13.    Each of these Grand Trunk factors weighs strongly in favor of this Court exercising jurisdiction, because: (1) this action will fully and completely settle the controversy between Dairyland, State Farm, Sedgwick and Mr. Salas, regarding the availability of insurance coverage/indemnification for them for the claims brought against them by Mr. Harvey and by

---

[1] *See* Mr. Harvey's response to Mr. Salas' Interrogatory No. 9, attached hereto as ***Exhibit 1***.

them; (2) Dairyland is not a party to the ongoing State Court negligence action; (3) there are no common issues of law between the instant action for declaratory judgment and the State Court negligence action, and; (4) there is no more effective alternative remedy to determine the rights of the parties with respect to the insurance policy at issue.

14.    This Court has personal jurisdiction over all named parties to this Declaratory Judgment Action, as all parties either reside or conduct business in the Commonwealth of Kentucky, and within the jurisdictional boundaries of this Court.

15.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as the events or omissions giving rise to the claims which have necessitated this Complaint for Declaratory Judgment occurred in Lexington, Kentucky, and within the jurisdictional boundaries of this Court.

### III.    FACTUAL BACKGROUND

16.    The claims that are the subject of this Complaint for Declaratory Judgment arise from the filing of a Complaint in Fayette Circuit Court by Mr. Harvey against Mr. Salas and State Farm, styled Martin Harvey vs. Alvaro Salas and State Farm Mutual Automobile Insurance Company, Civil Action No. 25-CI-01918,[2] asserting bodily  injury and underinsured motorist claims related to a motor vehicle accident which occurred on or about February 27, 2025 in Lexington, Fayette County, Kentucky between vehicles operated by Mr. Harvey and Mr. Salas.

17.    The information received by Dairyland to date indicates that Mr. Salas was Mr. Cortez's nephew, which would make Mr. Salas a relative of Mr. Cortez.  However, it is unclear where Mr. Salas was residing at the time of the subject accident.  The police report from the subject

---

[2] See a copy of Mr. Harvey's Complaint; attached hereto as **Exhibit 2**.

accident indicates he was residing at the same address as Mr. Cortez.  However, Mr. Cortez indicated in his recorded statement that he thought perhaps Mr. Salas was residing elsewhere.

18.     On or about February 27, 2025, Mr. Salas was operating a 2003 Chevrolet Silverado, which, according to Mr. Cortez's recorded statement and title transfer documents, has been owned by Mr. Cortez since 2020.  However, the 2003 Chevrolet Silverado is not scheduled under Dairyland Auto Policy No. 11409992387 (hereinafter the "subject Policy") with a policy term of January 27, 2025 to January 27, 2026.[3]

19.     Mr. Harvey's Complaint seeks the recovery of damages from both Mr. Salas and State Farm arising out of his claimed personal injuries sustained as a result of the February 27, 2025 motor vehicle accident.[4]

20.     On February 27, 2025, the date on which Mr. Harvey claims to have been injured in the subject accident, Mr. Salas was operating the 2003 Chevrolet Silverado owned by Mr. Cortez, who was the Named Insured under the subject Policy.

21.     Mr. Salas, Sedgwick and State Farm have and/or may intend to seek insurance coverage, indemnity for, and/or a defense from Dairyland for the claims brought against them by Mr. Harvey in Fayette Circuit Court Civil Action No. 25-CI-01918 under Part I – Liability Coverage of Dairyland Policy No. 11409992387.

22.     In the event it is determined that Mr. Salas did not reside at the same address as Mr. Cortez, he would not qualify as a "relative" under the subject Policy and would therefore not be defined as an "insured person" under the subject Policy.  As a result, Mr. Salas would not be entitled to coverage under the subject Policy.[5]

---

[3] *See* a copy of the subject Policy; attached hereto as ***Exhibit 3***.
[4] *See* a copy of Mr. Harvey's Complaint; attached hereto as ***Exhibit 2***.
[5] *See* a copy of the subject Policy at Form PAP-1-1213, Page 2-3 of 13; attached hereto as ***Exhibit 3***.

23.    In the event it is determined that Mr. Salas did reside at the same address as Mr. Cortez and was a "relative", no coverage is available to Mr. Salas, State Farm or Sedgwick, under Dairyland Policy No. 11409992387, Part I – Liability Coverage, for the claims of Mr. Harvey in Fayette Circuit Court Civil Action No. 25-CI-01918, because the 2003 Chevrolet Silverado was a "vehicle [that was] owned by, or furnished or available for regular use by [Mr. Cortez] or [Mr. Salas]" and was not a scheduled vehicle on Dairyland Policy No. 11409992387.

24.    Coverage would also not be available to Mr. Salas, State Farm or Sedgwick, under Dairyland Policy No. 11409992387, Part I-Liability Coverage, for the claims of Mr. Harvey in Fayette Circuit Court Civil Action No. 25-CI-01918, in the event that it is discovered that Mr. Salas did not have permission to operate the 2003 Chevrolet Silverado.[6]

25.    Pursuant to Aetna Cas. & Sur. Co. v. Commonwealth, 179 S.W.3d 830, 841 (Ky. 2005), Dairyland is presently defending Mr. Salas for the claims alleged in Mr. Harvey's Complaint, pursuant to a reservation of Dairyland's rights to further investigate, determine and/or litigate the issue of whether Dairyland owes any insurance coverage, indemnity and/or a defense for the claims alleged in Mr. Harvey's Complaint.

## IV.    INSURANCE POLICY

26.    Dairyland issued Automobile Insurance Policy No. 11409992387, to Named Insured, Juan Gabriel Marin Cortez, with a policy term of January 27, 2025 to January 27, 2026.[7]

27.    The Policy describes the circumstances under which liability coverage funds will be paid as follows[8]:

---

[6] *See* a copy of the subject Policy, at Form PAP-1-1213 (1), Page 3 of 13; attached hereto as ***Exhibit 3***.
[7] *See* a copy of the subject Policy, at Declarations Page; attached hereto as ***Exhibit 3***.
[8] *See* a copy of the subject Policy at Form PAP-1-1213, Page 3 of 13; attached hereto as ***Exhibit 3***.

> We will pay damages for which any **insured person** is legally liable because of **bodily injury** and/or **property damage** caused by a **car accident**. The **car accident** must have arisen out of the ownership, upkeep or use of a **car**. We will settle any claim or defend any lawsuit which is payable under the policy as **we** deem appropriate.

28.     The Policy defines the operative term "insured person" as follows[9]:

> (1) **"Insured person"** or **"insured persons"** means all of the following.
>
>   (A) **You.**
>
>   (B) A **relative.**
>
>   (C) Any person using **your insured car.**
>
> No one is considered an **insured person** if they use a **car** without the permission or outside the scope of the permission of the owner.

29.     The Policy defines the operative term "Relative" as follows[10]:

> (3) **"Relative"** means a person living in **your** household. This person must be related to **you** by blood, marriage or adoption. **Relative** includes a ward, foster child or a minor under **your** guardianship who lives in **your** household. **Your** unmarried dependent children living temporarily away from home qualify as a **relative** only if they intend to continue to live in **your** household. Any **relative** who is of legal driving age or older must be listed on the application or endorsed on the policy. This must occur prior to a **car accident** or **loss.**

30.     The Policy defines the operative term "your insured car" as follows[11]:

---

[9] *See* a copy of the subject Policy, at Form PAP-1-1213 (1), Page 3 of 13; attached hereto as ***Exhibit 3***.

[10] *See* a copy of the subject Policy at Form PAP-1-1213, Page 2 of 13; attached hereto as ***Exhibit 3***.

[11] *See* a copy of the subject Policy, at Form PAP-1-1213 (8A), Page 2 of 13; attached hereto as ***Exhibit 3***.

> (8) **"Your insured car"** means all of the following.
> (A) Any **car** described on **your** Declarations Page, for which a premium charge is shown.

31.     The Policy's Insuring Agreement for Exclusions - Part I – Liability Coverage reads as follows[12]:

> **Exclusions.**
>
> This coverage and our duty to defend does not apply to the following.
>
> (9) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle other than **your insured car.** This exclusion applies only if the vehicle is owned by, or furnished or available for regular use by **you** or a **relative.**

## V.     APPLICABLE LAW

32.     Kentucky law is applicable to this Complaint for Declaratory Judgment, as the insurance contract in question was issued to a Kentucky resident, and Kentucky bears the most significant relationship to the transaction and parties at issue.  See, e.g., Osborn v. Griffin, 865 F.3d 417, 443 (6th Cir. 2017); State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick, 413 S.W.3d 875, 878 (Ky. 2013).

33.     Under Kentucky law, where the terms of an insurance contract are unambiguous and not unreasonable, they must be enforced.  Kentucky Ass'n of Ctys. All Lines Fund Tr. v. McClendon, 157 S.W.3d 626, 630 (Ky. 2005).

34.     Under Kentucky law, an exclusionary provision which contains an "unequivocally conspicuous, plain and clear manifestation of the [insurance] company's extent to exclude coverage" must be enforced.  Philadelphia Indem. Ins. Co., Inc. v. Tryon, 502 S.W.3d 585, 591 (Ky. 2016).

---

[12] *See* a copy of the subject Policy, at Form PAP-1-1213 (9), Page 4 of 13; attached hereto as ***Exhibit 3***.

35.    The Kentucky Supreme Court has previously explicitly declared that an exclusionary provision, identical to that of the subject Dairyland Policy at issue in the instant action, which excludes insurance coverage for bodily injury claims arising out of the ownership, upkeep, or use of any vehicle other than the insured vehicle, is unequivocally conspicuous, plain, clear, and enforceable under Kentucky law.  See Philadelphia Indem. Ins. Co., Inc. v. Tryon, 502 S.W.3d 585, 592-93 (Ky. 2016).

## VI.    REQUEST FOR DECLARATORY JUDGMENT OF NO COVERAGE UNDER DAIRLYLAND POLICY NO. 11409992387

36.    Upon information and belief, Mr. Salas, Sedgwick and State Farm do or may seek insurance coverage, and/or indemnification for, and/or a defense to, the claims brought against them by Mr. Harvey or by them in Fayette Circuit Court Civil Action No. 25-CI-01918 under Dairyland Policy No. 11409992387.

37.    All claims of Mr. Harvey against Mr. Salas and State Farm brought in Fayette Circuit Court Civil Action No. 25-CI-01918, arise out of Mr. Harvey's bodily injuries sustained in an accident between motor vehicles operated by Mr. Harvey and Mr. Salas.

38.    In the event it is determined that Mr. Salas did not reside at the same address as Mr. Cortez, he would not qualify as a "relative" under the subject Policy and could therefore not be defined as an "insured person" under the subject Policy.  As a result, Mr. Salas would not be entitled to coverage under the subject Policy, since the subject Policy does not pay for damages arising out of motor vehicle accidents that are not caused by "insured persons."[13]

39.    In the event it is determined that Mr. Salas did reside at the same address as Mr. Cortez and was a "relative", Dairyland Policy No. 11409992387 clearly and unambiguously

---

[13] See a copy of the subject Policy at Form PAP-1-1213, Page 2-3 of 13; attached hereto as **Exhibit 3**.

excludes insurance coverage, indemnity and a defense for the claims alleged in Mr. Harvey's Complaint, as no liability insurance coverage is available under Part I – Liability Coverage to "bodily injury or property damage arising out of the ownership, upkeep, or use of any vehicle other than [the] insured car. This exclusion applies only if the vehicle is owned by, or furnished or available for regular use by "you" or a "relative".[14]

40.    No coverage is available to Mr. Salas, State Farm or Sedgwick, under Dairyland Policy No. 11409992387, Part I – Liability Coverage, for the claims of Mr. Harvey in Fayette Circuit Court Civil Action No. 25-CI-01918, because the 2003 Chevrolet Silverado was a "vehicle [that was] owned by, or furnished or available for regular use by [Mr. Cortez] or [Mr. Salas]" but was not a scheduled vehicle on Dairyland Policy No. 11409992387.

41.    Coverage would also not be available to Mr. Salas, State Farm or Sedgwick, under Dairyland Policy No. 11409992387, Part I-Liability Coverage, for the claims of Mr. Harvey in Fayette Circuit Court Civil Action No. 25-CI-01918, in the event that it is discovered that Mr. Salas did not have permission to operate the 2003 Chevrolet Silverado.

42.    Insurance coverage, indemnity, and/or a defense for Mr. Harvey's claims may also be barred, restricted and/or limited pursuant to other terms, provisions, conditions, exclusions, and/or endorsements of Dairyland Policy No. 11409992387, not specifically referenced herein, and/or pursuant to other terms, provisions, conditions, exclusions, and/or endorsements not specifically pled herein, and Dairyland reserves the right to, and does incorporate herein and rely upon all portions of the attached Exhibit 3 not specifically addressed in the above counts and/or not specifically herein pled, in support of its Complaint for Declaratory Judgment.

---

[14] *See* a copy of the subject Policy at Form PAP-1-1213 (9), Page 4 of 13; attached hereto as ***Exhibit 3***.

**WHEREFORE**, Plaintiff, Dairyland Insurance Company, respectfully demands as follows:

1.      For Declaratory Judgment, pursuant to 28 U.S.C. § 2201, that Dairyland Insurance Company owes no insurance coverage, nor a duty to defend, nor a duty to indemnify either Defendant, Alvaro Salas, Sedgwick, or Defendant, State Farm, under Dairyland Automobile Policy No. 11409992387 for the claims brought by Plaintiff, Martin Harvey, in Fayette Circuit Court Civil Action No. 25-CI-01918.

2.      For its costs and fees expended herein; and

3.      For any and all other relief, both legal and equitable, to which Dairyland Insurance Company may be entitled.

Respectfully Submitted,

BARNES MALONEY PLLC

*/s/ Blake V. Edwards*

Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 W. Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
Fax: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendant*